**A & L POTATO COMPANY, INC., Appellant,**

v.

**AGGREGATE INDUSTRIES, Defendant and Third–Party Plaintiff, Respondent,**

v.

**Burlington Northern Santa Fe Railway, Third–Party Defendant, Respondent.**

No. A08–0242.

Court of Appeals of Minnesota.

Jan. 6, 2009.

Gerard D. Neil, Gerard D. Neil, P.C., East Grand Forks, MN, for appellant.

Patrick R. Morley, Kraig A. Wilson, Morley Law Firm, Ltd., Grand Forks, ND, for respondent Aggregate Industries.

Carlton Hunke, Vogel Law Firm, Fargo, ND, for respondent Burlington Northern.

Considered and decided by
SHUMAKER, Presiding Judge;
STONEBURNER, Judge; and
STAUBER, Judge.

## O P I N I O N

STONEBURNER, Judge.

Appellant challenges the district court's calculation of prejudgment interest, arguing that the district court erred by (1) concluding that respondent's rule 68 offer constituted a written offer within the meaning of Minn.Stat. § 549.09, subd. 1(b) (2008), and (2) failing to consider appellant's notice of claim as an offer under the statute. Because we agree that the district court erred in concluding that respondent's rule 68 offer constituted a valid offer under section 549.09, subd. 1(b), we reverse and remand.

## FACTS

In this tort action arising out of a train derailment, appellant A & L Potato Company, Inc., (ALPC) served a written notice of claim for $70,985.95 on respondent Aggregate Industries (AI) on November 10, 2003. AI did not respond, and ALPC brought this action on July 13, 2004. On April 24, 2006, AI served a settlement offer in the amount of $5,000 solely under Minn. R. Civ. P. 68. ALPC did not make a counteroffer, and the matter proceeded to trial. By special verdict, the jury awarded ALPC $57,348, and judgment in this amount was entered on March 8, 2007.

The court administrator denied ALPC's request for prejudgment interest. ALPC appealed to the district court. The district court, concluding that AI's offer limited prejudgment interest under Minn.Stat. § 549.09, subd. 1(b) (2008), awarded prejudgment interest in the amount of $493.70, representing 4% of $5,000.00 from the time of ALPC's notice of claim to the date of AI's settlement offer. This appeal followed.

## ISSUES

I. Did the district court err in concluding that AI's settlement offer, made solely under rule 68, was a valid settlement offer under Minn.Stat. § 549.09, subd. 1(b) (2008)?

II. If a settlement offer made solely under rule 68 is a valid settlement offer under section 549.09, subd. 1(b), can the plaintiff's notice of claim also be considered a valid settlement offer under the statute?

## ANALYSIS

█ This case involves the interpretation and application of Minn.Stat. § 549.09, subd. 1(b), commonly referred to as the prejudgment-interest statute. "Statutory construction is a question of law, which this court reviews de novo." *In re Kleven,* 736 N.W.2d 707, 709 (Minn.App.2007) (citing *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn. 1998)). "Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court." *Davies v. W. Publ'g Co.,* 622 N.W.2d 836, 841 (Minn. App.2001) (citing *Lefto v. Hoggsbreath Enters., Inc.,* 581 N.W.2d 855, 856 (Minn. 1998)), *review denied* (Minn. May 29, 2001).

Minn.Stat. § 549.09, subd. 1(b), provides, in relevant part, that prejudgment interest on pecuniary damages is to be computed from the time of a written notice of claim. And:

If either party serves a written offer of settlement, the other party may serve a written acceptance or a written counter-offer within 30 days. After that time, ... [t]he prevailing party shall receive interest on any judgment or award from ... the time of a written notice of claim ... until the time of verdict ... only if the amount of its offer is closer to the judgment ... than the amount of the opposing party's offer. If the amount of the losing party's offer was closer to the judgment ... than the prevailing party's offer, the prevailing party shall receive interest only on the amount of the settlement offer or the judgment ... whichever is less, and only from the time ... of a written notice of claim ... until the time the settlement offer was made.

ALPC argues that an offer made expressly and solely under Minn. R. Civ. P. 68 does not constitute a valid written offer under the prejudgment-interest statute.

Minn. R. Civ. P. 68 provides, in relevant part, that parties may make a written offer of judgment or settlement any time prior to ten days before trial, and the offer must be accepted within ten days after service or it is deemed withdrawn. "If the judgment finally entered is not more favorable to the offeree than the offer, the offeree must pay the offeror's costs and disbursements." Minn. R. Civ. P. 68.

ALPC relies on *Schwickert, Inc. v. Winnebago Seniors, Ltd.,* 680 N.W.2d 79, 89 (Minn.2004), for the proposition that an offer made solely under rule 68 is not a valid offer under the prejudgment-interest statute. But we agree with the district court that *Schwickert* is not dispositive. The relevant issue in *Schwickert* was whether an accepted rule 68 offer to settle a dispute for $800,000 should be interpreted as including, in that amount, prejudgment interest. *Id.* at 88. Before addressing the issue of prejudgment interest in

*Schwickert,* the supreme court had concluded that the offered amount covered all contractual claims and therefore included contractually provided attorney fees. *Id.* Noting that prejudgment interest in that case was based on the statute, not a contract, the supreme court held that "[t]he failure of the Rule 68 offer to expressly include prejudgment interest in the lump sum offered means that prejudgment interest is separately recoverable ... as a cost and disbursement in addition to the lump sum." *Id. Schwickert* did not address whether an offer based solely on rule 68 in a tort action is a valid written offer under Minn.Stat. § 549.09, subd. 1(b), and, therefore, has no application to this case.

■ "Valid offers and counteroffers under section 549.09 must be in writing and must offer, in sufficiently clear and definite terms, to dispose completely the claims between the negotiating parties." *Hodder v. Goodyear Tire & Rubber Co.,* 426 N.W.2d 826, 840 (Minn.1988) (holding that neither the offer nor the counteroffer was valid). In *Hodder,* the supreme court stated in dictum that there need not be a counteroffer "to activate the offer-counteroffer provision of the prejudgment interest statute." *Id.* at 841 n. 17 (stating that if a valid offer had been served by one party and the other party had not responded with a valid offer, the valid offer "would stand alone and activate the preverdict interest reduction").

■ Here, AI's offer was in writing and in sufficiently clear and definite terms to dispose of ALPC's claims. But because the offer was made expressly and solely under rule 68, it was valid only for ten days, while under section 549.09, subd. 1(b), a party has 30 days to accept the offer or make a counterclaim. We conclude that the limited duration of an offer made solely under rule 68 precludes it from being a valid offer under section

549.09, subd. 1(b), and the district court erred by applying the prejudgment-interest statute to limit ALPC's prejudgment interest.

Because we have concluded that a settlement offer made solely under rule 68 is not a valid settlement offer under Minn.Stat. § 549.09, subd. 1(b), we do not reach the issue of whether a notice of claim is also a valid settlement offer under the statute.

### DECISION

Because a settlement offer made solely under rule 68 is deemed withdrawn if not accepted within ten days of the offer, it is not a valid settlement offer under section 549.09, subd. 1(b), which allows 30 days for the other party to accept an offer or make a counterclaim before the prejudgment-limiting provisions of the statute are triggered. The district court erred by limiting ALPC's prejudgment interest under Minn. Stat. § 549.09, subd. 1(b), based on AI's rule 68 offer of settlement. We reverse and remand for calculation of prejudgment interest from the date of ALPC's notice of claim.

**Reversed and remanded.**